### F. C. JOHNSON v. THE CITY OF WINFIELD.
No. 14,934    (89 Pac. 657.)

1. FEES AND SALARIES—*City Attorney.* It was said that the statute providing that the city shall specify the compensation of the city attorney by ordinance limits the city to one method of dealing with such compensation; that the city attorney is bound to know this, and cannot perform ordinary legal services for the city and claim extra compensation on the theory of an implied contract or estoppel.

2. STATUTORY CONSTRUCTION—*Ordinance Prescribing Duties of City Attorney.* It was said that in construing an ordinance prescribing the duties of city attorney all duties which naturally pertain to the office will be held to be included, unless the language clearly indicates to the contrary.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed March 9, 1907. Affirmed.

*Hackney & Lafferty,* for plaintiff in error.

*John Marshall,* for defendant in error.

*Per Curiam:* In this case the court made a general finding against the plaintiff. The case was tried upon conflicting oral testimony. The plaintiff himself made many statements inimical to a right to recover. Infer-

ences may be drawn from his testimony as a whole inconsistent with such right, and the testimony on the part of the city, which the court may have believed in full, is destructive of the theory upon which plaintiff apparently proceeded. This being true, this court cannot know what the trial court deemed to be the facts, and without facts it cannot apply the law.

The statute says the city shall specify the compensation of the city attorney by ordinance. (Gen. Stat. 1901, § 949.) Again it says the compensation of all city officers except justices of the peace and assessor shall be regulated by ordinance. (Gen. Stat. 1901, § 959.) This limits the power of the city to one method of dealing with the compensation of a city attorney. It must act by ordinance. A city attorney is bound to know this, and he cannot perform ordinary legal services for the city and then claim extra compensation on the theory of an implied contract or estoppel. Cases like *Mound City v. Snoddy,* 53 Kan. 126, 35 Pac. 1112, have no application to claims for services rendered by a city officer who takes office upon condition that his salary must be regulated by ordinance. The "general consensus of six councilmen" that a city attorney should have extra pay will not do; the statement of six councilmen to a city attorney to "go ahead" and they will "see that he gets just compensation for his services" will not do; and a resolution of the mayor and council will not do. The bars to the city treasury cannot be let down in any such way.

The statute also provides that the city shall specify the duties of the city attorney by ordinance. This, however, may be done in general terms, and in construing such an ordinance all duties which naturally appertain to the office of city attorney will be held to be covered, unless the language clearly indicates to the contrary. The courts will not strain words to exclude anything a city attorney ought ordinarily to do. The ordinance fixing the plaintiff's duties clearly covers

53—75 KAN.

work like the preparation of ordinances and documents relating to bond issues. It expressly' covers all services in suits in the district court of Cowley county in which the city is interested, as well as those to which it is a party.

It is useless to attempt to discuss further what may be the law of the case, because it cannot be known from the record what view the court took of the facts. The court probably found that the plaintiff voluntarily took the chance that a faction of the council would get him extra pay against the continued opposition of another faction. In such a case the city cannot be made liable.

The evidence relating to the trip to Topeka was properly rejected, because it involved something which was not municipal business.

The judgment of the district court is affirmed.